OPEN BOAT (UNITED STATES v.). See Cases Nos. 15,967 and 15,968.

OPHIR SILVER MIN. CO. (BRODIE v.). See Case No. 1,919.

OPPENHEIMER (BOBYSHALL v.). See Cases Nos. 1,589–1,592.

## Case No. 10,550.

### In re ORCUTT.

[5 Ben. 19; 4 N. B. R. 538 (Quarto, 176).] [1]

District Court, S. D. New York. March, 1871.

ADMITTING FALSE OR FICTITIOUS DEBT — BURDEN OF PROOF.

1. If a bankrupt put into his schedule, as due, a debt which is false or fictitious, it will, under the 29th section of the bankruptcy act [of 1867 (14 Stat. 531)], prevent his obtaining a discharge, even though the debt be not proved.

2. The burden of proof is on the objecting creditor, to prove that the debt was false and fictitious.

[In the matter of C. Corydon Orcutt, a bankrupt.]

A. Dickinson, for creditors.

O. R. Steele, for bankrupt.

BLATCHFORD, District Judge. There are two specifications of objection to the bankrupt's discharge in this case: (1.) That he has admitted a false and fictitious debt in favor of Alvah Clark, his father-in-law, against his estate; (2.) That, having knowledge that Alvah Clark, his father-in-law, had proved a false and fictitious debt against his estate, he did not disclose the same to his assignee in this matter within one month after such knowledge.

I find no evidence that Clark has proved any debt whatever against the bankrupt. Therefore, the second ground above named fails.

As to the first ground—what is meant by admitting a debt? How does the bankrupt admit a debt? Can a debt which is not proved be said to be admitted? In the present case, which is a voluntary one, the bankrupt has put a debt due to Clark in the list of debts due by the bankrupt in the schedule appended to his petition.

The 29th section provides that no discharge shall be granted if the bankrupt has admitted a false or fictitious debt against his estate, or if, having knowledge that any person has proved such false or fictitious debt, he has not disclosed the same to his assignee within one month after such knowledge.

I am not aware of any decision on the question here involved. Lord Eldon, in Freydeburgh's Case (in 1814) 3 Ves. & B. 142, expressed himself in the following terms: "If the bankrupt has permitted one fictitious debt to be proved, knowing it, he is not entitled to his certificate, as not having made that full disclosure which justifies the commissioners in giving the certificate required by the act." In Ex parte Shirley (in 1814) 2 Rose, 71, he expressed his determination never to allow a certificate where it appeared that the bankrupt had knowingly suffered fictitious debts to be proved against his estate. The act under which these decisions were made was the act of 1732 (5 Geo. II. c. 30). There was no specification, in that act, of particular grounds for withholding a discharge. The act required that, to procure a discharge, the bankrupt should have made a full discovery of his estate, and in all things conformed himself according to the directions of the act.

The 130th section of the act of 1825 (6 Geo. IV. c. 16) provided, that no bankrupt should be entitled to his certificate, and any certificate, if obtained, should be void, if, in case any person should have proved a false debt under the commission, the bankrupt, being privy thereto, or afterwards knowing the same, should not have disclosed the same to his assignees within one month after such knowledge.

The 38th section of the act of 1842 (5 & 6 Vict. c. 122) provided, that no bankrupt should be entitled to a certificate under the act, and any such certificate, if obtained, should be void, if, in case any person should have proved a false debt under the fiat, the bankrupt, being privy thereto, or afterwards knowing the same, should not have disclosed the same to his assignees within one month after such knowledge.

By the 221st section of the act of 1861 (24 & 25 Vict. c. 134), the following act, if done by a bankrupt with intent to defraud or defeat the rights of his creditors, is made a misdemeanor, namely, if, in case of any person having, to his knowledge or belief, proved a false debt under his bankruptcy, he shall fail to disclose the same to his assignees within one month after coming to the knowledge or belief thereof. By the 159th section, the commissioner has power, in case the bankrupt is convicted of such misdemeanor, to direct that the order of discharge be either wholly refused or suspended during such time and upon such conditions as he shall think fit.

In none of the English statutes is it made a ground for refusing a discharge that the bankrupt has admitted a false or fictitious debt against his estate, as distinguished from the suppression, by the bankrupt, of knowledge that a false or fictitious debt has been proved against his estate.

The first time, so far as I am aware, that it was made, by any insolvency or bankruptcy act, a ground for refusing a discharge, that the bankrupt had admitted a false or fictitious debt against his estate, was in the 4th section of the United States bankruptcy act of August 19th, 1841 (5 Stat. 443). That section provided, that if a bankrupt should, in the proceedings under that act, admit a false or fictitious debt against his estate, he should not be entitled to a discharge or a cer-

---

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 4 N. B. R. 538 (Quarto, 176), contains only a partial report.]

tificate thereof. The failure by the bankrupt to disclose to the assignee knowledge that a false or fictitious debt had been proved against his estate, was not made, by the act of 1841, a ground for refusing a discharge, except as it might have been regarded as the admission of a false or fictitious debt against his estate.

The 87th section of the Massachusetts insolvent law (Gen. St. Mass. 1860, c. 118), provides that a discharge shall not be granted or valid, if the debtor, having knowledge that any person has proved a false debt against his estate, has not disclosed the same to his assignee within one month after such knowledge.

The provision in question in the 29th section is thus commented on in the treatise of Avery & Hobbs (page 220, note h): "If the debtor admits a false debt to be proved against his estate, or, knowing that any such debt has been proved, omits to give notice of the fact to the assignee for thirty days, he is not entitled to his discharge. This ground of objection is similar to the provision of the English law respecting which the lord chancellor, in Fredeburgh's Case, 3 Ves. & B. 142, held, that if the bankrupt has permitted one fictitious debt to be proved, knowing it, he is not entitled to his certificate." As we have seen, the English statute of 5 Geo. II., on which that decision was made, did not contain a similar provision to the one under consideration. But, the view of the authors seems to be that, for a bankrupt to admit a false or fictitious debt against his estate, it is necessary he should admit it to be proved against his estate, and, of course, that it should be proved against his estate. Such, also, seems to be the view of another writer. James, Bankr. Law, pp. 130, 131.

The literal provision in the 4th section of the act of 1841 was this: "And, if any such bankrupt * * * shall, in the proceedings under this act, admit a false or fictitious debt against his estate, he shall not be entitled to any such discharge or certificate." By the 1st section of that act, a petitioner in voluntary bankruptcy was required to set forth, in his petition, a list of his creditors and of the amount due to each, verified by oath or affirmation. By the 4th section, the bankrupt could be examined, on oath or affirmation, in all matters relating to his bankruptcy, and his acts and doings, which, in the judgment of the court, were necessary and proper for the purposes of justice. By sections 5 and 7, creditors were to prove their debts on their own behalf, by oath or affirmation, without the action or concurrence of the bankrupt. Under the provision of the 4th section of the act of 1841, it seems to me it would have been impossible to say that the word "admit" did not require that there should be some affirmative action by the debtor in regard to the debt, or that the passive act, on the part of the debtor, of suffering, even knowingly, a false debt, when proved, to remain proved, without

his taking steps, under section 5 of that act, to procure the debt to be set aside and disallowed, could have been called an admission of the debt against the estate. Such admission could be affirmatively made by setting forth the debt in the list of debts in the voluntary petition, or in a list of them which might be required by the court in the proceedings in an involuntary case, or, perhaps, by swearing to it as a true debt on an examination.

Now, under the act of 1867, in view of the provision that a discharge shall not be granted if the bankrupt, having knowledge that any person has proved a false and fictitious debt against his estate, shall not disclose the same to his assignee within one month after such knowledge, it is impossible to say that merely the knowledge, on the part of the debtor, that a person has proved a false debt, and merely the failure to disclose it, and merely the suffering it to remain proved, without taking steps, under section 22, to have it rejected, can be held to be the admission of a false debt against the estate. If so, the imposition of the penalty of a refusal of a discharge for not disclosing the knowledge to the assignee within one month would be superfluous, for the penalty would follow the mere existence of the knowledge, under the clause imposing it for admitting a false debt. So, also, the entire provision in regard to knowledge of the falsity of a proved debt must be held to be covered by the second clause; and the first clause must be held to apply to the admission, by some affirmative action of the debtor, of a debt not proved. This may be done by swearing to it in the petition in voluntary bankruptcy (section 11), or in the schedule of creditors, in involuntary bankruptcy (section 42), or, perhaps, in an examination (section 26). It is true, that the language of the 29th section of the act of 1867, as was the language of the 4th section of the act of 1841, is a false or fictitious debt "against his estate;" and that, in one sense, no debt can become a debt against the estate till it is proved. It cannot become a debt, under the act of 1867, for the purpose of voting for an assignee, or for the purpose of receiving a dividend, till it is proved. Still, there is a prejudice to honest creditors if the debtor puts false ones into his schedules. The notices for the first meeting to choose an assignee are sent to all the creditors sworn to by the debtor, and the action of honest creditors may be seriously affected as to its energy and promptness, or even as to the taking of any action at all, by the exhibition of an array of false debts. This is prevented by the penalty referred to. Besides, some effect must be given to the first clause; and, unless the effect I have suggested be given to it, none can be given it.

In this case, the bankrupt set forth in the schedule to his petition, which was a voluntary one, the debt in favor of Clark, which is alleged to be a false and fictitious debt. If it was a false and fictitious debt, the so set-

ting it forth was an admission of it against the estate, which would bar a discharge. But, the burden of proof is on the objecting creditors to show that the debt was false and fictitious. The only proof they have furnished on the subject is the examination of the bankrupt himself, and I think they have failed to substantiate the allegation.

A discharge is granted.